

FILED
ENTERED
RECEIVED
COUNSEL/PARTIES OF RECORD SERVED ON

JUL 1 8 2006

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY:

DEPUTY

1

2

3

4       UNITED STATES DISTRICT COURT

5       DISTRICT OF NEVADA

6

7    In Re PURCHASEPRO.COM, INC.     ) Master File No.: CV-S-01-0483-JLQ
     SECURITIES LITIGATION           )
8                                    )
     ─────────────────────────────  )
9                                    ) **CLASS ACTION**
                                     )
10   THIS DOCUMENT RELATES TO:        ) **ORDER GRANTING**
                                     ) **APPLICATION FOR**
11                   ALL ACTIONS.     ) **PRELIMINARY APPROVAL OF**
                                     ) **SETTLEMENT, DIRECTING**
12                                    ) **NOTICE OF PENDENCY AND**
                                     ) **SETTLEMENT OF CLASS**
13                                    ) **ACTION, AND SETTING HEARING**
                                     ) **DATE FOR FINAL APPROVAL OF**
14                                    ) **SETTLEMENT**
                                     )
15                                    )

16        The court has preliminarily approved a Settlement Class defined as:

17        All persons who purchased or acquired the common stock of PurchasePro
          during the period from March 23, 2000, through May 21, 2001, inclusive.
18        Excluded from the Settlement Class are Defendants, the officers and
          directors of the Company, the members of their immediate families and their
19        legal representatives, heirs, successors or assigns and any entity in which any
          Defendant has had a majority equity interest. Also excluded from the
20        Settlement class are those persons who timely request exclusion from the
          Settlement Class pursuant to Notice.
21
          The parties have applied to the court pursuant to Rule 23(e) of the Federal
22
     Rules of Civil Procedure for an order approving the settlement of the above-
23
     captioned litigation (the "Litigation") in accordance with the Stipulation of
24
     Settlement on file herein (the "Stipulation"), which, together with the exhibits
25
     annexed thereto, sets forth the terms and conditions for a proposed settlement of
26
     the Litigation (the "Settlement") and for dismissal of the Litigation with prejudice
27
     as against all Defendants.
28

     Order re: Notice & Hearing On Proposed Settlement
     No. CV-S-01-0483-JLQ

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     This Order (the "Notice Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.     The court hereby preliminarily approves the Stipulation and the Settlement described therein as appearing to be fair, reasonable and adequate to the Settlement Class.

3.     A hearing (the "Settlement Hearing") shall be held before the undersigned, Judge Justin L. Quackenbush, on Tuesday, October 10, 2006 commencing at 9:30 a.m., at the Lloyd George United States Courthouse, 333 S. Las Vegas Blvd., Las Vegas, Nevada 89101, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the court; whether a Judgment, in substantially the form attached to the Stipulation as *Exhibit B*, should be entered dismissing the Litigation on the merits and with prejudice as against all Defendants; and further to determine the amount of the fees and expenses to be awarded to Representative Plaintiffs and Representative Plaintiffs' Counsel. The court may continue or adjourn the Settlement Hearing without further notice to the Settlement Class.

4.     The court hereby approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing (the "Notice") annexed hereto as *Exhibit A-1*, the Proof of Claim and Release annexed hereto as *Exhibit A-2*, and the Summary Notice for Publication ("Summary Notice") annexed hereto as *Exhibit A-3*. The court finds that the publication of the Summary Notice and the mailing and distribution of the Notice substantially in the manner and form set forth in paragraphs 5, 6 and 7 of this Order meet the

Order re: Notice & Hearing On Proposed Settlement
No. CV-S-01-0483-JLQ                    2

requirements of due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

5.    Representative Plaintiffs' Counsel shall make reasonable efforts to identify all Persons who are Settlement Class Members, including beneficial owners whose PurchasePro common stock are or were held by banks, brokerage firms, or other nominees. Representative Plaintiffs' Counsel shall mail or cause to be mailed the Notice and the Proof of Claim and Release by first class mail to all Members of the Settlement Class who can be identified by reasonable efforts. The cost of notice to Settlement Class Members will be paid out of the Settlement Fund, as addressed in the Stipulation. Representative Plaintiffs' Counsel are hereby empowered to supervise and administer the notice procedure as set forth below. Representative Plaintiffs' Counsel is hereby authorized to retain the firm of Berdon Claims Administration LLC (the "Claims Administrator") to administer the notice procedure as well as the processing of claims as more fully set forth herein.

The Claims Administrator shall be responsible for the receipt of all responses from Settlement Class Members and shall preserve all Proofs of Claim and any and all other written communications from Settlement Class Members, nominees, or any other person in response to the Notice or Summary Notice until one year following the date of distribution of the proceeds of the Net Settlement Fund to the Settlement Class Members or pursuant to further order of the court. Within five (5) business days from the date of this Notice Order (the "Notice Date"), PurchasePro or its transfer agent shall provide the Claims Administrator with a list containing the identity of all record holders of PurchasePro common stock who purchased or acquired their PurchasePro common stock during the Settlement Class Period (the "List"). The List shall contain the names and addresses of all purchasers of the common stock during the Settlement Class Period. Further, the data in the List

Order re: Notice & Hearing On Proposed Settlement
No. CV-S-01-0483-JLQ                    3

1 | shall be provided in an MS Excel 4.0 spreadsheet (preferred) or in ASCII fixed
2 | length field text files.  Control characters such as Carriage Return/Line Feed should
3 | be appended to each line in the text files.  Defendants shall bear all costs or
4 | expenses associated with providing the Claims Administrator with the List.

5 |      6. Within fourteen (14) days from the Notice Date, Representative Plaintiffs'
6 | Counsel or their designee shall mail, or cause to be mailed by first class mail,
7 | copies of the Notice substantially in the form annexed hereto as *Exhibit A-1* to all
8 | Members of the Settlement Class who can be identified with reasonable effort.
9 | Within twenty-one (21) days from the Notice Date, Representative Plaintiffs'
10 | Counsel shall cause the Summary Notice to be published, substantially in the form
11 | annexed hereto as *Exhibit A-3*, once in a national newswire such as *PR Newswire*
12 | or *Businesswire.*  The Summary Notice shall also be published in the *Las Vegas*
13 | *Review-Journal* on two occasions, the first being approximately twenty-one days
14 | after the Notice Date and the second publication being approximately two weeks
15 | thereafter. At least five (5) days prior to the Settlement Hearing, Representative
16 | Plaintiffs' Counsel shall serve and file with the Court proof by affidavit or
17 | declaration of such mailing and publishing.

18 |      7.    Nominees who purchased or otherwise acquired PurchasePro common
19 | stock during the Settlement Class Period are directed to: (a) send the Notice and the
20 | Proof of Claim and Release to all beneficial owners of PurchasePro common stock
21 | purchased or otherwise acquired during the Settlement Class Period, within ten
22 | (10) days after receipt of the Notice; or (b) send a list of the names and addresses of
23 | such beneficial owners to Representative Plaintiffs' Counsel within ten (10) days
24 | after receipt of the Notice.

25 |      8.    Unless otherwise ordered by the court, all Members of the Settlement
26 | Class shall be bound by all determinations and judgments in the Litigation
27 | concerning the proposed Settlement (including the Judgment), whether favorable or
28 |

1  unfavorable to the Settlement Class.  Any Member of the Settlement Class who

2  does not properly and timely request exclusion shall be included in the Settlement

3  Class and shall be bound by any judgment (including the Judgment) entered in the

4  Litigation.

5         9.     Settlement Class Members who wish to participate in the distribution

6  of the Settlement Fund shall complete and submit Proof of Claim and Release

7  forms in accordance with the instructions contained therein.  Unless the court

8  orders otherwise, all Proof of Claim and Release forms must be received by the

9  Claims Administrator postmarked no later than 120 days from the date this Notice

10  Order is signed.  Any Settlement Class Member who does not submit a properly

11  completed Proof of Claim and Release within the time provided shall be barred

12  from sharing in the distribution of the proceeds of the Net Settlement Fund unless

13  otherwise ordered by the court.

14        10.    Any Settlement Class Member who wishes to be excluded from the

15  Settlement Class must provide, on or before September 19, 2006, written notice of

16  such request to the Claims Administrator identified in the Notice, referring to the

17  Litigation and setting forth his or her name, address, and transactions in

18  PurchasePro common stock during the Settlement Class Period (including each

19  date of acquisition, purchase and sale and each price and amount paid and/or

20  received).  Unless otherwise ordered by the court, all Settlement Class Members

21  not exercising the option to be excluded from the Settlement Class within the

22  specified time period shall be bound by the Stipulation, the Settlement and releases

23  contained therein, and the Judgment entered hereon, and shall not have any further

24  opportunity to opt out of the Settlement Class.  Any Settlement Class Member who

25  shall timely and properly elect to be excluded from the Settlement Class shall be

26  permitted to revoke such election by mailing, within the required time frame, a

27  request for revocation to Representative Plaintiffs' Counsel, and in such event shall

28

Order re: Notice & Hearing On Proposed Settlement
No. CV-S-01-0483-JLQ          5

1  once again become a Settlement Class Member for all purposes.  Any person who,
2  pursuant to the provisions of this paragraph and the Notice, elects to be excluded
3  from the Settlement Class and does not revoke such election as provided above,
4  shall have no right to any portion of the Settlement Fund, and shall be left only to
5  his or her individual remedies.

6        11.    Any Member of the Settlement Class may appear and show cause at
7  the Settlement Hearing on October 10, 2006, why the Proposed Settlement of the
8  Litigation embodied in the Stipulation should or should not be approved as fair,
9  reasonable and adequate, or why a judgment should or should not be entered
10  thereon, and/or to present support or opposition to the Plan of Allocation or the
11  application of Representative Plaintiffs and Representative Plaintiffs' Counsel for
12  fees and expenses.  However, no Settlement Class Member or any other Person
13  shall be heard or entitled to contest the approval of the terms and conditions of the
14  Stipulation and the Settlement, or, if approved, the Judgment to be entered thereon
15  approving the same, unless on or before September 19, 2006, that Settlement Class
16  Member or Person has served by hand or otherwise caused to be delivered,
17  including by mail, written objections, including the basis therefor, as well as copies
18  of any papers and/or briefs in support of his or her position upon the following
19  counsel, and file said objections, papers and briefs with the Clerk of the United
20  States District Court for the District of Nevada. 333 Las Vegas Blvd. S., Las
21  Vegas, NV 8910:

22  Kevin J. Yourman
    Vahn Alexander
23  YOURMAN ALEXANDER
    & PAREKH LLP
24  3601 Aviation Blvd., Suite 3000
    Manhattan Beach, CA 90266
25  Tel:   (310) 725-6400
    Fax:  (310) 725-6420
26
    and on:
27

28

Order re: Notice & Hearing On Proposed Settlement
No. CV-S-01-0483-JLQ                              6

William. F. Sullivan
Christopher H. McGrath
Morgan J. Miller
PAUL HASTINGS JANOFSKY
& WALKER LLP
3579 Valley Centre Drive
San Diego, California 92130
Tel:   (858) 720-2500
Fax:   (858) 720-2555

Messrs. Sullivan, McGrath or Miller shall forward any such objection(s) to counsel for the other Defendants herein.

12. Any Settlement Class Member or Person who does not make his, her or its objection in the manner and time provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as incorporated in the Stipulation, unless otherwise ordered by the court. The manner in which a notice of objection should be prepared, filed and delivered shall be stated in the Notice. Unless the court orders otherwise, only Settlement Class Members who have filed and delivered valid and timely notices of objection will be entitled to be heard at the October 10, 2006, Settlement Hearing.

13.   All papers and pleadings in support of the Settlement shall be served and filed on or before September 26, 2006. Papers and pleadings for reimbursement of attorneys' fees and expenses and requested fees by the Representative Plaintiffs shall be filed with the Clerk of this court and served on Defendants' counsel on or before September 11, 2006. Neither Defendants nor the Related Parties shall have any responsibility for the Plan of Allocation and it will be considered separately from the fairness, reasonableness and adequacy of the Settlement. At or after the Settlement Hearing, the court will determine whether Representative Plaintiffs' Counsel's proposed Plan of Allocation should be approved.

14.   The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No Person that is not a Settlement Class Member or Representative Plaintiffs' Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund unless otherwise ordered by the court or otherwise provided in the Stipulation.

15.   All funds held in the Escrow Account shall be deemed and considered to be in the custody of the court and shall remain subject to the jurisdiction of the court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

16.   Representative Plaintiffs' Counsel may use the proceeds of the Settlement Fund to pay the costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to the Members of the Settlement Class, processing Proofs of Claim and Release and paying escrow fees and costs, if any.

17.   The court reserves the right to continue or adjourn the date of the Settlement Hearing without further notice to Members of the Settlement Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

18.   Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind on the part of any of the Defendants, or by the Representative Plaintiffs of any lack of merit to the claims asserted in the Litigation.

19.    Pending hearing on and approval of the Settlement reflected in the Stipulation, neither the Representative Plaintiffs, nor Members of the Settlement Class, shall directly, representatively, or in any other capacity, commence or prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Persons.  All discovery and other proceedings in the Litigation are stayed until further order of the court, except as may be necessary to implement or comply with the terms of the Stipulation and this Order.

20.    The Judgment will permanently bar and enjoin the Representative Plaintiffs and all Members of the Settlement Class who did not timely and validly request exclusion from the Settlement Class from instituting or prosecuting, in any capacity, any action or proceeding that involves or asserts any of the Released Claims against any of the Released Persons and upon the Effective Date of any Judgment any such Settlement Class Member shall conclusively be deemed to have released any and all such Released Claims as against any and all of the Released Persons.

21.    If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the parties to the Litigation, existing as of the date of this Order, except as otherwise set forth in the Stipulation.

The Clerk of this court shall enter this Order and forward copies to counsel.

DATED this 18th day of July, 2006.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In Re PURCHASEPRO.COM, INC. SECURITIES LITIGATION | Master File No.: CV-S-01-0483-JLQ |
| THIS DOCUMENT RELATES TO: ALL ACTIONS. | **CLASS ACTION** |
| | The Honorable Justin L. Quackenbush |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING

**TO:** **ALL PERSONS[1] OR ENTITIES WHO PURCHASED OR ACQUIRED THE COMMON STOCK OF PURCHASEPRO.COM, INC. ("PURCHASEPRO" OR THE "COMPANY")[2] DURING THE PERIOD FROM MARCH 23, 2000, THROUGH MAY 21, 2001, INCLUSIVE ("SETTLEMENT CLASS"[3] AND "SETTLEMENT CLASS PERIOD").**

**PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE RELATES TO THE PENDENCY AND PROPOSED SETTLEMENT OF THIS CLASS ACTION LITIGATION AND, IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS TO OBTAIN A SHARE OF THE SETTLEMENT FUND FURTHER DESCRIBED BELOW.**

**CLAIMS DEADLINE: CLAIMANTS MUST SUBMIT PROOFS OF CLAIM, ON THE FORM ACCOMPANYING THIS NOTICE *POSTMARKED NO LATER THAN November 17, 2006.***

**EXCLUSION DEADLINE: REQUESTS FOR EXCLUSION MUST BE SENT TO THE CLAIMS ADMINISTRATOR *POSTMARKED NO LATER THAN SEPTEMBER 19, 2006.***

**SECURITIES BROKERS AND OTHER NOMINEES: PLEASE SEE INSTRUCTIONS IN SECTION VI BELOW.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the *Federal Rules of Civil Procedure,* and an order of the United States District Court for the District of Nevada (the "Court"), that a settlement of the above-captioned action in the amount of $24,200,000 in cash (the "Settlement" or the "Settlement Fund") has been reached by the parties, which Settlement is subject to approval by the Court, and which, if approved, will result: (1) in the payment of the Settlement Fund, after certain deductions described below, to eligible

---

[1]   "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

[2]   "PurchasePro" or the "Company" means PurchasePro.com, Inc. and/or Pro-After, Inc., and each and all of their related bankruptcy and non-bankruptcy forms of organization, including, but not limited to, debtor-in-possession, litigation trust, liquidating trust, and each and all of their trustees, predecessors, successors, parents, subsidiaries, divisions and related or affiliated entities.

[3]   "Settlement Class" means all Persons who purchased or acquired the common stock of PurchasePro during the period from March 23, 2000, through May 21, 2001, inclusive. Excluded from the Settlement Class are Defendants, the officers and directors of the Company, the members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a majority equity interest. Also excluded from the Settlement Class are those Persons who timely request exclusion from the Settlement Class pursuant to the Notice.

Settlement Class Members who file timely and valid Proof of Claim and Release forms and evidence a recognized loss; and (2) in the dismissal of the above referenced action (the "Litigation") and the release of the Released Claims as against all Released Persons.

YOU ARE FURTHER NOTIFIED, pursuant to an Order of Court, dated July 18, 2006, that a hearing (the "Settlement Hearing") will be held before the Honorable Justin L. Quackenbush, on October 10, 2006, 9:30 a.m., at the United States District Court, District of Nevada, 333 S. Las Vegas Blvd., Las Vegas, Nevada 89101, to consider: (1) whether the Settlement described above should be approved by the Court as fair, reasonable and adequate; (2) whether the Litigation should be dismissed on the merits with prejudice as set forth in the Stipulation of Settlement (the "Stipulation") dated as of May 15, 2006, on file with the Court; (3) whether the proposed Plan of Allocation of Settlement proceeds should be approved as fair and reasonable; (4) whether Representative Plaintiffs' Counsel's application for fees and expenses, including the award of reasonable costs and expenses (including lost wages directly relating to the representation of the Settlement Class to any Representative Plaintiff serving on behalf of the Settlement Class), and interest thereon, should be approved; and (5) whether the releases should be approved as fair, reasonable and adequate to the Members of the Settlement Class and the Defendants.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation, or the merits of the claims or defenses asserted, or the fairness or adequacy of the Settlement. This Notice is merely to advise you of the proposed Settlement of the Litigation and of your rights in connection with the proposed Settlement.

## A. <u>The Rights of Settlement Class Members</u>

1. If you are a Member of the Settlement Class, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in Section V of this Notice, upon approval of the Settlement by the Court.

2. If you are eligible to be a Member of the Settlement Class (that is, if you purchased or otherwise acquired PurchasePro common stock during the period from March 23, 2000, through May 21, 2001, inclusive), you have the following options:

    a. You may file a Proof of Claim and Release. If you choose this option: (i) you will remain a Member of the Settlement Class; (ii) you will share in the proceeds of the Settlement, if your claim is timely and validly filed and if the Settlement is finally approved by the Court; and (iii) you will be bound by the Judgment and releases.

    b. If you do not wish to be included in the Settlement Class, and you do not wish to participate in the Settlement described in this Notice, you may request to be excluded. To do so, you must state **in writing** that you wish to be excluded from the Settlement. Your written request for exclusion must also set forth the name of this Litigation, *In re PurchasePro Securities Litigation,* Case No. CV-S-01-0483-JLQ, your name, address and telephone number, and the name, address and telephone number of the record owner of PurchasePro common stock, if different from your own as the beneficial owner. The exclusion request must also state the number of shares of PurchasePro common stock you purchased or otherwise acquired during the Settlement Class Period, and the number of shares of PurchasePro common stock you sold during the Settlement Class Period, along with the dates of your purchase(s) and sale(s). The **written** exclusion request must be sent to the Claims Administrator at:

PurchasePro Securities Litigation<br>
c/o Berdon Claims Administration LLC<br>
P.O. Box 9014<br>
Jericho, NY 11753-8914

*To be considered valid, the exclusion request must be postmarked no later than September 19 2006.* NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN THE REQUEST.

     c.  If you validly request exclusion from the Settlement Class: (i) you will be excluded from the Settlement Class; (ii) you will not share in the proceeds of the Settlement described herein; (iii) you will not be bound by any Judgment entered in the Litigation; and (iv) you will not be precluded from otherwise prosecuting an individual claim at your own expense, if timely, against Defendants based on the matters complained of in the Litigation.

     d.  If you do not request to be excluded from the Settlement Class, you will be bound by any and all determinations or judgments in the Litigation concerning the Settlement entered or approved by the Court, whether favorable or unfavorable to the Settlement Class Members, including, without limitation, the Judgment described above.

     e.  If you do not request to be excluded from the Settlement Class, you may object to the Settlement, the Plan of Allocation and/or the application of Representative Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses in the manner set forth below. The filing of a Proof of Claim and Release form by a Settlement Class Member does not preclude a Settlement Class Member from objecting to the Settlement, the Plan of Allocation, or the fees and expenses applied for by Representative Plaintiffs' Counsel. However, if your objection is rejected, you will be bound by the Settlement and the Judgment just as if you had not objected.

     f.  You may do nothing at all. If you choose this option, you will not share in the proceeds of the Settlement, but you will be bound by the Judgment just as if you had filed a Proof of Claim and Release form.

     g.  If you are a Member of the Settlement Class, you may, but are not required to, enter an appearance in writing through counsel of your own choosing at your own expense. If you do not do so, you will be represented by counsel for the Representative Plaintiffs.

## B. Statement of Plaintiffs' Recovery

     Pursuant to the Settlement described herein, a Settlement Fund in the amount of $24,200,000 in cash has been established. Plaintiffs estimate that there were approximately 39,191,131 shares of PurchasePro common stock purchased and/or acquired during the period of March 23, 2000, through May 21, 2001, inclusive (the "Settlement Class Period"), which were allegedly damaged as a result of the purported acts or omissions described below. Plaintiffs estimate that the average recovery per damaged share of PurchasePro common stock under the Settlement will be $0.62 per share before the deduction of attorneys' fees, costs and expenses, as approved by the Court. Depending on: (1) the number of claims filed; (2) when the shares were purchased during the Settlement Class Period, and whether those shares were held at the end of the Settlement Class Period, or, if sold, when they were sold; and (3) the amounts awarded by the Court for attorneys' fees, costs and expenses, an individual Settlement Class Member may receive more or less than this average amount. A Settlement Class Member's distribution from the Settlement Fund will be governed by the description set forth below.

## C. Summary of Parties' Positions and Reasons for Settlement

     Both the Representative Plaintiffs[4] and Defendants[5] recognize and acknowledge the inherent difficulties of continued proceedings necessary to see the Litigation through trial and possible appeals, and have determined that the Settlement set forth in the Stipulation is in the best interests of all parties involved.

---

[4]   "Representative Plaintiffs" means Ron Turner and Stuart Sokolin.

[5]   "Defendants" means PurchasePro.com, Inc., Charles E. Johnson, Jr., Christopher J. Benyo, Christopher Carton, John G. Chiles, James P. Clough, Shawn P. McGhee, Scott H. Miller, Richard T. Moskal, and Jeffrey R. Anderson (collectively, the "PurchasePro Defendants"). Defendants also include: AOL Time Warner Inc., America On-Line, Inc., Robert W. Pittman, David Colburn, Eric Keller, and Myer Berlow (collectively, the "AOL Defendants").

The Representative Plaintiffs and Defendants do not agree that any Defendant is liable or on the average amount of damages per share that would be recoverable if plaintiffs were to have prevailed on each claim alleged. The issues on which the Settling Parties[6] disagree include, but are not limited to: (1) the appropriate economic model for determining the amount by which PurchasePro common stock was allegedly artificially inflated (if at all) during the Settlement Class Period; (2) the amount by which PurchasePro common stock was allegedly artificially inflated (if at all) during the Settlement Class Period; (3) the effect of various market forces influencing the trading price of PurchasePro common stock at various times during the Settlement Class Period; (4) the extent to which external factors, such as general market conditions influenced the trading price of PurchasePro common stock at various times during the Settlement Class Period; (5) the extent to which the various matters that plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of PurchasePro common stock at various times during the Settlement Class Period; (6) the extent to which the various allegedly adverse material facts that plaintiffs alleged were omitted influenced (if at all) the trading price of PurchasePro common stock at various times during the Settlement Class Period; and (7) whether the statements made or the facts allegedly omitted were material or otherwise actionable under the federal securities laws.

The Representative Plaintiffs believe that the Settlement is a good recovery under the circumstances and is in the best interests of the Settlement Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that plaintiffs would not have prevailed on any of their claims, in which case the Settlement Class would receive nothing. In fact, prior to settling the Litigation, Plaintiffs' claims against all Defendants, except Mr. Johnson and Mr. Anderson, had been dismissed with prejudice by the Court. In addition, even if plaintiffs were successful in reviving this case as to the dismissed Defendants after an appeal, the amount of damages recoverable would have been subject to rigorous attack by all Defendants. Recoverable damages are limited to losses caused by conduct actionable under applicable securities laws and, had the Litigation gone to trial, Defendants intended to show that all or most of the losses at issue were caused by non-actionable market, industry or general economic factors.

### D. Statement of Attorneys' Fees and Costs Sought

Representative Plaintiffs' Counsel has not received any payment for prosecuting this case on behalf of the Representative Plaintiffs and Members of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenses. Representative Plaintiffs' Counsel intend to apply for an award of attorneys' fees in an amount up to one-third of the Settlement Fund (*i.e.,* approximately $0.20 per share), as well as reimbursement for costs and expenses incurred in the prosecution of the Litigation of approximately $352,000 (*i.e.,* approximately $0.009 per share). Defendants take no position on the application for attorneys' fees, costs and expenses.

### E. Identification of Representative Plaintiffs' Counsel

Any questions regarding the Settlement should be directed to either of the following Counsel for the Representative Plaintiffs and the Settlement Class:

Kevin J. Yourman
Vahn Alexander
YOURMAN ALEXANDER
 & PAREKH LLP
3601 Aviation Blvd., Suite 3000
Manhattan Beach, CA 90266
Tel:  (310) 725-6400
Fax: (310) 725-6420

Nadeem Faruqi
Shane T. Rowley
Antonio Vozzolo
FARUQI & FARUQI, LLP
320 East 39th Street
New York, NY 10016
Tel:  (212) 983-9330
Fax: (212) 983-9331

---

[6]  "Settling Parties" means, collectively, Defendants and the Representative Plaintiffs on behalf of themselves and the Members of the Settlement Class.

## I. COMMENCEMENT OF THE LITIGATION AND NATURE OF THE ACTION

This is a class action for violation of the federal securities laws, specifically Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), brought on behalf of all purchasers of the common stock of PurchasePro between March 23, 2000, and May 21, 2001, inclusive. Plaintiffs have alleged that the PurchasePro Defendants and the AOL Defendants perpetrated a fraud upon the investing community. In part, Plaintiffs have alleged that during the Settlement Class Period, the Company's reported revenues were manipulated by Defendants in order to portray PurchasePro as a financially stable and growing business. Moreover, Plaintiffs have alleged that, through their investigation they have uncovered information from former employees of the Company that supports their claims. Plaintiffs have also alleged that ongoing investigations by the United States Department of Justice ("DOJ") and the United States Securities and Exchange Commission ("SEC") further substantiate the allegations in the operative complaint.

The Litigation was initiated on or about April 26, 2001. On December 7, 2001, the District Court consolidated a number of related actions, appointed Representative Plaintiffs Ron Turner and Stuart Sokolin as lead plaintiffs, and appointed co-lead counsel. On February 7, 2002, the Representative Plaintiffs filed their Consolidated Class Action Complaint ("CCAC"). The CCAC asserted violations of Sections 10(b) and 20(a) of the Exchange Act. Defendants named in the CCAC included PurchasePro, certain of the individual PurchasePro Defendants, and the accounting firm of Arthur Andersen LLP.

Defendants filed motions to dismiss the CCAC on May 20, 2002. In September of 2002, PurchasePro filed for bankruptcy and all claims against it were stayed. The remaining Defendants filed motions to dismiss the CCAC, which the Court heard on December 20, 2002. On March 3, 2003, the Court granted the motions to dismiss without prejudice as to the individual PurchasePro Defendants, and with prejudice as to Arthur Andersen LLP, on the grounds that the CCAC failed to meet the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

The Representative Plaintiffs filed their First Amended Consolidated Class Action Complaint ("FAC") against certain of the individual PurchasePro Defendants on May 5, 2003. Once again, Defendants moved to dismiss Plaintiffs' complaint. During this round of briefing, it came to Plaintiffs' attention that certain former officers of PurchasePro, specifically, Scott Miller and Jeffrey Anderson, had pled guilty to certain criminal charges. Defendant Miller pled guilty to obstruction of justice. Mr. Anderson pled guilty to conspiracy to commit wire fraud as a result of the artificial inflation of revenue at PurchasePro during the Settlement Class Period. Plaintiffs filed a Notice of Newly Discovered Facts regarding these developments on September 30, 2003. During the hearing of Defendants' motions to dismiss the FAC, on November 12, 2003, the Court determined that Plaintiffs should file a request for judicial notice concerning these recent events. Plaintiffs filed their request for judicial notice on December 5, 2003. The Court granted in part, and denied in part, Plaintiffs' request and granted Defendants' motions to dismiss the FAC without prejudice on March 23, 2004.

Plaintiffs filed their Second Amended Complaint ("SAC") on April 19, 2004, and added for the first time defendant Anderson and the AOL Defendants. All defendants, except Anderson, filed motions to dismiss the SAC. The Court heard defendants' motions on December 16, 2004. At the hearing, plaintiffs advised the Court of an announcement made by the DOJ the day before, that certain former officers of PurchasePro had pled guilty to criminal charges concerning a scheme to artificially inflate the value of PurchasePro's shares during the Settlement Class Period. With one exception, specifically, defendant Shawn McGhee, the former PurchasePro officers referenced in this announcement were entering into plea agreements were not defendants in this action. Plaintiffs further advised the Court that an agreement had been reached between the DOJ and AOL to defer prosecution of charges of aiding and abetting securities fraud in connection with certain transactions between AOL and PurchasePro. Plaintiffs requested leave to amend the SAC in their opposition papers, and at the hearing. The Court took the Defendants' motions and plaintiffs' requests under advisement.

On February 23, 2005, the Court entered its "Memorandum Opinion and Order Re: Motions to Dismiss and Order Re: Appeal." The Court denied defendant Johnson's motion to dismiss the SAC, granted the other defendants' motions with prejudice, and certified its Order as to defendant Johnson pursuant to Federal Rule

of Civil Procedure 54(b), with a recommendation that the Ninth Circuit Court of Appeals permit him immediately to appeal the denial of his motion. Defendant Johnson timely filed a petition for interlocutory review with the appellate court on March 2, 2005, which was granted on May 17, 2005. On November 10, 2005, the Representative Plaintiffs and defendant Johnson filed a stipulated motion with the Ninth Circuit Court of Appeals, advising that Court that certain Defendants, including Mr. Johnson, had agreed to settle the underlying dispute which was the subject of defendant Johnson's appeal and that Mr. Johnson therefore sought to dismiss his appeal without prejudice to reinstatement should the Settlement not be approved by this Court or otherwise not become final as to defendant Johnson. On December 2, 2005, the Ninth Circuit Court of Appeals issued an Order dismissing defendant Johnson's appeal without prejudice to reinstatement.

On March 9, 2005, the Representative Plaintiffs filed a Rule 59(e) Motion to Alter or Amend the Judgment, based on the newly discovered facts of December 15, 2004, as well as additional facts regarding further criminal convictions and indictments that came out after the hearing, on or about January 10, 2005. Plaintiffs' Rule 59(e) motion is currently pending pursuant to certain stay stipulations filed by certain of the parties.

## II. PRETRIAL PROCEEDINGS IN THE LITIGATION

This case is currently subject to a stay of all formal discovery pursuant to the PSLRA. However, Representative Plaintiffs' Counsel has conducted extensive investigations and informal discovery in relation to this Litigation, including: (a) a review and analysis of PurchasePro's public disclosures (to the SEC and otherwise); (b) a review and analysis of public filings by the DOJ and SEC concerning criminal and civil matters pertaining to the Company and certain of its officers; (c) an analysis of PurchasePro's financial statements; (d) hiring an investigator concerning the allegations in the pleadings; (e) consulting with damages and accounting experts; and (f) extensive research of the applicable law with respect to the claims asserted in the pleadings and defendants' potential defenses thereto.

## III. CLAIMS OF THE REPRESENTATIVE PLAINTIFFS
## AND BENEFITS OF SETTLEMENT

The Representative Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted. However, the Representative Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. The Representative Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. The Representative Plaintiffs and their counsel are mindful of the inherent problems of proof under, and possible defenses to, the federal securities law violations and other claims asserted in the complaints. The Representative Plaintiffs and their counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class and each of the Settlement Class Members. Based on their evaluation, the Representative Plaintiffs and their counsel have determined that the Settlement set forth in the Stipulation is in the best interests of the Representative Plaintiffs and the Settlement Class and each of the Settlement Class Members.

Defendants have concluded that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation in order to limit further expense and inconvenience with respect to matters at issue in the Litigation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

Defendants expressly deny and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation, except that America Online, Inc. and Time Warner Inc. do not contest or contradict the factual

statements set forth in Appendix A to their December 2004 agreement with the Department of Justice and Defendants Miller and McGhee do not by this denial intend to make any representations inconsistent with their respective prior agreements with the Securities and Exchange Commission and/or the Department of Justice. Defendants also deny, and continue to deny, *inter alia,* the allegations that the Representative Plaintiffs or the Settlement Class have suffered damage or were harmed by the conduct alleged in the complaints filed in the Litigation. Defendants believe that the legal claims asserted in the Litigation do not have merit. This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any legal claim, liability or damage whatsoever, or any infirmity in the contentions and defenses that the Defendants have or could have asserted.

## IV. THE PROPOSED SETTLEMENT

A Settlement has been reached in the Litigation between the Representative Plaintiffs, on behalf of them-selves and the Members of the Settlement Class, and Defendants, which is embodied in the Stipulation on file with the Court. The Representative Plaintiffs and their counsel, on the basis of a thorough investigation of the facts and the law relating to the acts, events, and conduct complained of in the Litigation, among other things, have concluded that the Settlement is fair to, and in the best interests of, the Members of the Settlement Class. The following description of the Settlement of the Litigation is only a summary, and reference is made to the text of the Stipulation, on file with the Court, for a full statement of its provisions. A copy of the Stipulation, and other related Settlement papers, such as the Notice and the Proof of Claim form may also be viewed at Representative Plaintiffs' Counsel's websites at www.yaplaw.com and www.faruqilaw.com.

A. The Settlement consists of $24,200,000 in cash.

B. Upon approval of the Settlement by the Court, and when the Judgment has become final and all other conditions to the Settlement are satisfied, including those set forth in Section IV-8.1 of the Stipulation, the Settlement Fund shall be distributed as follows:

1. To pay all the costs and expenses reasonably and actually incurred in connection with providing notice to the Members of the Settlement Class, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to the Settlement Class, processing Proofs of Claim and Release and paying escrow fees and costs, if any;

2. To pay plaintiffs' counsel's fees, expenses and costs (including the award of reasonable costs and expenses, including lost wages, directly relating to the representation of the Settlement Class to any Representative Plaintiff serving on behalf of the Settlement Class) with interest thereon (the "Fee and Expense Award") to the extent allowed by the Court;

3. To pay the taxes and tax expenses owed by the Settlement Fund; and

4. To pay to Settlement Class Members the remainder of the Settlement Fund, as described in the Plan of Allocation below.

C. **Plan of Allocation** — Subject to the approval and further Order(s) of the Court as may be necessary, the balance of the Settlement Fund (the "Net Settlement Fund") shall be distributed to Authorized Claimants' pursuant to the following Plan of Allocation:

1. Each Person claiming to be an Authorized Claimant shall be required to timely submit a separate Proof of Claim (that shall include a general release of all Released Claims, including Unknown Claims, against the Released Persons) in the form set forth in the Proof of Claim and Release accompanying this Notice, signed under penalty of perjury and supported by proof of all sales and purchases or acquisitions of PurchasePro common stock during the Settlement Class Period.

---

[7]   "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2.  All Proof of Claim and Release forms must be sent to the Claims Administrator[8] and **postmarked on or before November 17, 2006.** Unless otherwise ordered by the Court, any Settlement Class Member who fails to submit a Proof of Claim and Release within that period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation, but will, in all other respects, be subject to the provisions of the Stipulation and the final Judgment entered by the Court.

3.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. A claim will be computed as follows: the claim shall be equal to the amount paid for shares of PurchasePro common stock purchased or acquired by Settlement Class Members during the Settlement Class Period, less: (a) the amount realized from the sale of any such shares during the Settlement Class Period; or (b) the number of any such shares held at the close of business on May 21, 2001, multiplied by $2.97. **YOUR CLAIM WILL NOT BE VALID IF YOU DID NOT SUFFER A LOSS.**

4.  General Provisions:

    a.  The date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" date.

    b.  All profits will be subtracted from all losses to determine the net recognized loss of each Settlement Class Member.

    c.  In processing claims, the first-in, first-out basis ("FIFO") will be applied to purchases, acquisitions and sales. Sales will be matched in chronological order, by trade date, first against the common stock held as of the close of trading on March 22, 2000 (the last day before the Settlement Class Period begins) and then against the purchases during the Settlement Class Period.

    d.  The date of covering a "short sale" is deemed to be the date of purchase of PurchasePro common stock. The date of a "short sale" is deemed to be the date of sale of PurchasePro common stock. Shares originally sold short prior to the Settlement Class Period will result in a zero claim.

    e.  Where common stock was purchased/sold by reason of having exercised an option, the option premium should be incorporated into the price accordingly.

    f.  If an Authorized Claimant's trading activity during the Settlement Class Period exceeds 50 transactions, he/she/it must provide, in an electronic file, all purchase and sales information required in the Proof of Claim and Release. For a copy of instructions and parameters concerning such a submission, contact the Claims Administrator by phone: (800) 766-3330; by fax (516) 931-0810 or via the website: www.berdonllp.com/claims.

    g.  No cash payment will be made on a claim where the payable loss is $10.00 or less, but the Authorized Claimant will otherwise be bound by the final judgment of the Court.

    h.  Brokerage commissions and transfer taxes paid by you in connection with your purchase and sale of PurchasePro common stock should be included in the "total purchase price" and net of the "total proceeds."

    i.  The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class Member on equitable grounds.

5.  Although the Net Settlement Fund is being allocated among the Settlement Class Members based on the formula stated above (subject to Court approval), it should not be assumed that an Authorized Claimant's claim is equal to the amount of damages, if any, which could have been recovered had this Litigation been fully tried instead of settled. The amount of damages which the Representative Plaintiffs could

---

[8]   "Claims Administrator" means Berdon Claims Administration LLC.

prove, if any, is a matter of serious dispute, and the Settlement's use of the formula set forth above does not constitute a concession, finding or admission that any damages could be proven or that provable damages, if any, would be commensurate with a claim. No determination has been made by the Court as to whether **any** Settlement Class Member suffered **any** damages, or as to the proper measure of any damages. The determination of damages, like the determination of liability, is a complicated and uncertain process, typically involving conflicting expert opinions. During the course of the Litigation, Defendants, in addition to denying any liability, denied that the Settlement Class Members suffered any legally compensable harm. The Settlement avoids the risks to the Settlement Class Members that liability or damages might not have been proven at trial.

   6. Payment pursuant to the Plan of Allocation set forth herein shall be deemed conclusive against all Authorized Claimants. No Person shall have any claim against any plaintiffs' counsel, or any Claims Administrator or other agent designated by Representative Plaintiffs' Counsel, or against the Released Persons or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further Orders of the Court. The Released Persons shall have no responsibility for, or any liability whatsoever with respect to, any payment, the timing of any payment, or the failure of any payment to be made, to Representative Plaintiffs' Counsel from the Settlement Fund, nor shall the Released Persons have any responsibility for, or any liability whatsoever, with respect to the refunding of or failure of Representative Plaintiffs' Counsel to refund to the Settlement Fund any money Representative Plaintiffs' Counsel may be ordered to refund. The Released Persons shall have no responsibility for, or any liability whatsoever with respect to, the allocation of the Settlement Fund among Representative Plaintiffs' Counsel and any other Person who may assert some claim thereto, or for any Fee and Expense Awards that the Court may make in this Litigation.

   7. All Settlement Class Members who fail to complete and file a valid and timely Proof of Claim and Release shall be barred from participating in distributions from the Net Settlement Fund, unless otherwise ordered by the Court, but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any Judgment entered and the releases given.

## V. DISMISSAL AND RELEASES

 If the Settlement is approved by the Court, the Court will enter a Judgment which will:

   A. Dismiss the Litigation in its entirety as against Defendants with prejudice and without costs to any party as against any other party;

   B. Adjudge that the Representative Plaintiffs and each Settlement Class Member, except those who both timely and validly request exclusion in accordance with the procedures detailed herein, shall be deemed conclusively to have fully, finally and forever settled any and all Released Claims and Unknown Claims (described above and in the Stipulation) against the Released Persons. Notwithstanding that the Representative Plaintiffs, or one or more Settlement Class Members, may hereafter discover facts in addition to, or different from, those which the Representative Plaintiffs or Settlement Class Members now know, or believe to be true, with respect to the Litigation and Released Claims or to the subject matter of the Litigation or Released Claims, which, if known, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to the Settlement, the Representative Plaintiffs and each of the Settlement Class Members shall be deemed, upon the Effective Date[9] of the Settlement, to have fully, finally and forever settled and released as against any of the Released Persons, all Released Claims and Unknown Claims, that have been, or might have been, asserted by the Representative Plaintiffs or Settlement Class Members, or any of them, against Defendants, or any of them, based upon or related to the purchase or acquisition of PurchasePro common stock by the Representative Plaintiffs or Settlement Class Members during the Settlement Class Period, and the facts, transactions, events, occurrences, acts or omissions which were, or could have been, alleged in the Litigation;

---

[9] "Effective Date" means the first date by which all of the events and conditions specified in Section IV-8.1 of the Stipulation have been met and have occurred.

C. Bar and permanently enjoin the Representative Plaintiffs and the Settlement Class Members from prosecuting the Released Claims (including Unknown Claims) against the Released Persons; and

D. Reserve jurisdiction, without affecting the finality of the Judgment entered, over:

1. Implementation and enforcement of this Settlement and any award or distribution of the Net Settlement Fund, including interest earned or accrued thereon;

2. Disposition of the Settlement Fund and the Net Settlement Fund;

3. Hearing and determining Representative Plaintiffs' Counsel's applications for attorneys' fees, costs, interest, and expenses, including fees and costs of experts and/or consultants and the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the Settlement Class to any Representative Plaintiffs serving on behalf of the Settlement Class;

4. Enforcing and administering the Stipulation, including any releases executed in connection therewith; and

5. Other matters related or ancillary to any of the foregoing.

## VI. SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

A. To all banks, brokerage firms, institutions, and other Persons that are nominees who purchased or otherwise acquired the common stock of PurchasePro for the beneficial interest of other Persons during the Class Period (March 23, 2000, through May 21, 2001, inclusive), within ten (10) days after you receive this Notice and the accompanying Proof of Claim and Release, you must either: (1) provide the Claims Administrator with the names and addresses of such beneficial owners, **preferably in an MS Excel data table setting forth (a) title/registration, (b) street address, (c) city/state/zip; electronically, in MS Word or WordPerfect files (label size Avery® # 5162); or on computer-generated mailing labels,** or (2) send a copy of this Notice and the Proof of Claim form to all beneficial owners by first-class mail and provide the Claims Administrator with written confirmation of having done so. Additional copies of the Notice may be obtained by contacting the Claims Administrator at:

PurchasePro Securities Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
Telephone: (800) 766-3330
Fax: (516) 931-0810
Website: www.berdonllp.com/claims

B. You are entitled to the reimbursement of any *reasonable* expenses actually incurred only in connection with the research of records and: (1) the generating of labels or electronic media; or (2) the mailing of this Notice, upon submission to the Claims Administrator of a written request together with all appropriate supporting documentation.

## VII. APPLICATION FOR ATTORNEYS' FEES AND COSTS

Representative Plaintiffs' Counsel will apply to the Court, at the conclusion of the Settlement Hearing described below, for an aggregate award of counsel fees of up to one-third of the Settlement Fund, plus litigation expenses of approximately $352,000, together with interest earned on said sums at the same rate, and for the same periods, as earned by the Settlement Fund. Such awards as may be granted by the Court will be paid from the Settlement Fund, and Representative Plaintiffs' Counsel have reserved the right to make additional applications for fees and expenses incurred relating to the Settlement.

The fees sought by Representative Plaintiffs' Counsel are customary in actions brought on a contingency fee basis, and Representative Plaintiffs' Counsel believe they are justified by the time and effort already invested in the prosecution of the Litigation and the result achieved, as well as the time and effort that will be required of Representative Plaintiffs' Counsel prior to and after final approval of this Settlement. The expense reimbursement sought by Representative Plaintiffs' Counsel consists of expenses incurred in the prosecution of the Litigation to date.

## VIII. CONDITIONS OF SETTLEMENT

The Settlement Hearing will be held on October 10, 2006, at 9:30 a.m., before the Honorable Justin L. Quackenbush, at the United States District Court, District of Nevada, 333 S. Las Vegas Blvd., Las Vegas, Nevada 89101. The Settlement is conditioned upon the occurrence of a number of events, any of which may be waived by the mutual agreement of the Settling Parties. Those events include, among other things: (A) entry of the Final Judgment by the Court, as provided for in the Stipulation; and (B) expiration of the time to appeal from the Final Judgment. If, for any reason, any one of the conditions described in Section IV-8.1 of the Stipulation are not met, the Stipulation and the Settlement it proposes might be terminated and, if terminated, will become null and void, and the Settling Parties to the Stipulation will be restored to their respective positions as of May 15, 2006. Likewise, if Defendants exercise their right to withdraw from the Settlement in accordance with the terms of the Stipulation, or if the Settlement is not consummated for any other reason, the Stipulation will become null and void, and the parties will resume their former positions in this action.

## IX. THE RIGHT TO BE HEARD AT THE SETTLEMENT HEARING

A. At the Settlement Hearing, the Court will consider: (1) whether the Settlement is fair, reasonable and adequate; (2) whether it should be approved by the Court; (3) whether Judgment should be entered dismissing the Litigation on the merits and with prejudice as against Defendants; (4) whether the proposed Plan of Allocation is fair and reasonable; and (5) whether Representative Plaintiffs' Counsel's application for attorneys' fees and reimbursement of costs and expenses should be approved. However, any objections or oppositions must be made in advance, in writing, setting forth each objection and the basis therefore, as set forth below. The Settlement Hearing may be continued or adjourned, from time to time and without further notice to the Settlement Class, by Order of the Court.

B. Any Member of the Settlement Class who has not requested exclusion may appear at the Settlement Hearing to show cause why the Settlement should or should not be approved and the Litigation should or should not be dismissed on the merits with prejudice, and/or to present any opposition to the Plan of Allocation or the application of Representative Plaintiffs' Counsel for fees and expenses. However, no such Person shall be heard, unless his, her, or its objection or statement of support is made in writing and is filed, together with copies of all other papers and briefs, and submitted by him, her, or it with the Court no later than September 19, 2006 and showing due proof of service on:

Clerk of the Court
United States District Court
333 S. Las Vegas Blvd.
Las Vegas, Nevada 89101

Kevin J. Yourman                          William F. Sullivan
Vahn Alexander                            Christopher H. McGrath
YOURMAN ALEXANDER                         Morgan J. Miller
  & PAREKH LLP                            PAUL HASTINGS JANOFSKY
3601 Aviation Blvd.                         & WALKER LLP
Suite 3000                                3579 Valley Centre Drive
Manhattan Beach, CA 90266                 San Diego, CA 92130
Tel: (310) 725-6400                       Tel: (858) 720-2500
Fax: (310) 725-6420                       Fax: (858) 720-2555

*Counsel for Plaintiffs*                  *Counsel for Defendants*

Any Member of the Settlement Class who does not make his, her or its objection or statement of support in the manner provided shall be deemed to have waived all objections and opposition to the fairness, reasonableness and adequacy of the Settlement, the Plan of Allocation, or to the request of Representative Plaintiffs' Counsel for attorneys' fees and expenses.

## X. EXAMINATION OF PAPERS AND INQUIRIES

For a more detailed statement of the matters involved in the Litigation and the Settlement thereof, reference is made to the pleadings, to the Stipulation and to other papers filed in the Litigation, which may be inspected at the Office of the Clerk of the United States District Court, District of Nevada, Clerk of the Court 333 S. Las Vegas Blvd., Las Vegas, Nevada 89101, during the business hours of each business day. A copy of the Stipulation, and other related Settlement papers, such as the Notice and the Proof of Claim form may also be viewed at Representative Plaintiffs' Counsel's websites at www.yaplaw.com and www.faruqilaw.com. Inquiries regarding the Litigation or this Notice should be made to the Claims Administrator at:

PurchasePro Securities Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
Telephone: (800) 766-3330
Fax: (516) 931-0810
Website: www.berdonllp.com/claims

However, communications which convey confidential information should be sent directly to Representative Plaintiffs' Counsel, or to your own attorney.

DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

Dated: July 18, 2006                      BY ORDER OF
                                          THE HON. JUSTIN L. QUACKENBUSH
                                          SENIOR UNITED STATES DISTRICT JUDGE

Exhibit A-2

Berdon Claims Administration LLC — Title: PurchasePro Proof of Claim — PPL #56563 — 6-28-06 — Proof #1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re PURCHASEPRO.COM, INC.<br>SECURITIES LITIGATION | Master File No.: CV-S-01-0483-JLQ |
| | **CLASS ACTION** |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS. | The Honorable Justin L. Quackenbush |

## PROOF OF CLAIM AND RELEASE

*DEADLINE FOR SUBMISSION: November 17, 2006.*

IF YOU PURCHASED OR ACQUIRED PURCHASEPRO.COM, INC. ("PURCHASEPRO" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD FROM MARCH 23, 2000, THROUGH MAY 21, 2001, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), YOU ARE A "SETTLEMENT CLASS MEMBER," AND YOU MAY BE ENTITLED TO SETTLEMENT PROCEEDS. EXCLUDED FROM THE SETTLEMENT CLASS ARE DEFENDANTS, THE OFFICERS AND DIRECTORS OF PURCHASEPRO AND/OR ANY OF ITS SUBSIDIARIES, MEMBERS OF THEIR IMMEDIATE FAMILIES AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, OR ASSIGNS, AND ANY ENTITY IN WHICH ANY DEFENDANT HAS, OR HAD, A MAJORITY EQUITY INTEREST.

**IF YOU ARE A SETTLEMENT CLASS MEMBER, IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE AND MAIL IT BY PRE-PAID, FIRST CLASS MAIL,** *POST-MARKED NO LATER THAN November 17, 2006* **TO THE CLAIMS ADMINISTRATOR AT:**

PurchasePro Securities Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914

YOUR FAILURE TO SUBMIT YOUR CLAIM **POSTMARKED BY November 17, 2006** MAY SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUB-MITTED. **SUBMIT YOUR CLAIM** *ONLY* **TO THE CLAIMS ADMINISTRATOR. YOU WILL BEAR ALL RISKS OF THE DELAY OR NON-DELIVERY OF YOUR CLAIM.**

Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of Settlement in the Litigation.

If you are a Settlement Class Member, and you do not properly and timely request exclusion in connection with the Settlement, you will be bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

If you are NOT a Settlement Class Member (or legal representative of a Settlement Class Member), DO NOT submit a Proof of Claim and Release.

All terms herein are as defined in the Notice of Pendency and the Stipulation of Settlement on file with the Court.

Berdon Claims Administration LLC — Title: PurchasePro Proof of Claim — PPL #56563 — 6-28-06 — Proof #1

## A. CLAIM FORM INSTRUCTIONS

1.   If you purchased or acquired PurchasePro common stock and held the certificate(s) in your name, you are the beneficial owner as well as the record owner. If, however, you purchased or acquired PurchasePro common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner and the third party is the record owner.

2.   Use Section B of this form entitled "Claimant Information" to identify each beneficial owner and, if different, each record owner, of PurchasePro common stock which form the basis of this claim.

> THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER OR OWNERS, OR
> THE LEGAL REPRESENTATIVE OF SUCH OWNER OR OWNERS, OF THE PURCHASEPRO
> COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.   All joint owners must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them, documentation establishing their authority must accompany this claim, and their titles or capacities must be stated.

4.   The Social Security or Tax ID number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of your claim.

5.   Use Section C, paragraphs 1, 2, 3, and 4 of this form entitled "Schedule of Transactions in PurchasePro Common Stock" to supply all required details of your transaction(s) in PurchasePro common stock. If you need more space, attach separate, numbered sheets giving all of the required information in substantially the same form. Print your name and Social Security or Tax ID number at the top of each additional sheet.

6.   On the schedules, provide all of the requested information with respect to **all** of your purchases and acquisitions and **all** of your sales of PurchasePro common stock which took place during the Settlement Class Period, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

7.   List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

8.   The date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" date.

9.   All profits will be subtracted from all losses to determine the net recognized loss of each Settlement Class Member.

10.  In processing claims, the first-in, first-out basis ("FIFO") will be applied to both purchases, acquisitions and sales. Sales will be matched in chronological order, by trade date, first against the common stock held as of the close of trading on March 22, 2000 (the last day before the Settlement Class Period begins) and then against the purchases during the Settlement Class Period.

11.  The date of covering a "short sale" is deemed to be the date of purchase of PurchasePro common stock. The date of a "short sale" is deemed to be the date of sale of PurchasePro common stock. Shares originally sold short prior to the Settlement Class Period will result in a zero claim.

12.  Where common stock was purchased/sold by reason of having exercised an option, the option premium should be incorporated into the price accordingly.

13.  If your trading activity during the Settlement Class Period exceeds 50 transactions, you must provide, in an electronic file, all purchase and sales information required in the Schedule of Transactions. For a copy of instructions and parameters concerning such a submission, contact the Claims Administrator by phone: (800) 766-3330; by fax (516) 931-0810 or via the website: www.berdonllp.com/claims.

14.  No cash payment will be made on a claim where the payable loss is $10.00 or less, but the Authorized Claimant will otherwise be bound by the final judgment of the Court.

15.  Brokerage commissions and transfer taxes paid by you in connection with your purchase and sale of PurchasePro common stock should be included in the "total purchase price" and net of the "total proceeds."

16.  You must attach to your claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in PurchasePro common stock in order for your claim to be valid. If such documents are not available, a complete list of acceptable supporting documentation can be found on the Claims Administrator's website: www.berdonllp.com/claims. Failure to provide acceptable documentation could delay verification of your claim or result in rejection of your claim.

2

Berdon Claims Administration LLC — Title: PurchasePro Proof of Claim — PPL #56563 — 6-28-06 — Proof #1

### *PURCHASEPRO SECURITIES LITIGATION*

## B. CLAIMANT INFORMATION

**Must be received by Claims Administrator postmarked no later than _____, 2006**

*Please Type or Print*          **PURCHASEPRO**

DETACH HERE

Beneficial Owner's Name *(as it appears on your brokerage statement)*

Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

Street Address

City                                State                Zip Code

Foreign Province                    Foreign Country

Social Security No.          or          Taxpayer Identification No.

Specify one of the following:

☐ Individual(s)      ☐ Corporation      ☐ UGMA Custodian      ☐ IRA      ☐ Partnership

☐ Estate            ☐ Trust            ☐ Other: _____

_____ (Day)      _____ (Eve)
Area Code      Telephone Number          Area Code      Telephone Number

Facsimile Number                    E-Mail Address

Record Owner's Name and Address *(if different from beneficial owner listed above)*



3

Berdon Claims Administration LLC — Title: PurchasePro Proof of Claim — PPL #56563 — 6-28-06 — Proof #1

## C. SCHEDULE OF TRANSACTIONS IN PURCHASEPRO COMMON STOCK

1. State the total number of shares of PurchasePro common stock held at the close of trading on March 22, 2000 (long or short) *(must be documented)*: _____.

2. Separately list each and every **purchase or acquisition** of PurchasePro common stock during the period March 23, 2000, **through** May 21, 2001, inclusive, and provide the following information *(must be documented)*:

| Trade Date *(list chronologically)* Month/Day/Year | Number of Shares Purchased | Total Cost *(including commissions, taxes, and fees)* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

3. Separately list each and every **sale** of PurchasePro common stock during the period March 23, 2000, **through** May 21, 2001, inclusive, and provide the following information *(must be documented)*:

| Trade Date *(list chronologically)* Month/Day/Year | Number of Shares Sold | Total Proceeds *(net of commissions, taxes, and fees)* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

4. State the total number of shares of PurchasePro common stock owned at the close of trading on May 21, 2001(long or short) *(must be documented)*: _____.

**If additional space is needed, attach separate, numbered sheets in the same format, and print your name and Social Security or Tax ID number at the top of each sheet.**

**YOU MUST ALSO READ, SIGN AND SUBMIT THE SUBMISSION TO JURISDICTION AND RELEASE WHICH FOLLOW.**



DETACH HERE

Berdon Claims Administration LLC — Title: PurchasePro Proof of Claim — PPL #56563 — 6-28-06 — Proof #1

## D. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I/We submit this Proof of Claim and Release ("Proof of Claim") under the terms of the Stipulation of Settlement (the "Stipulation") described in the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing (the "Notice"). By submitting this Proof of Claim, I/we state that I/we believe in good faith that I am/we are a Settlement Class Member as defined above and in the Notice, or I am/we are acting for such Person; that I/we have read and understand the Notice; that I/we believe that I am/we are entitled to receive a share of the Net Settlement Fund; and that I/we elect to participate in the Settlement described in the Notice.

I/We also submit to the jurisdiction of the United States District Court for the District of Nevada with respect to my/our claim as a Settlement Class Member and for purposes of enforcing the release set forth herein and any judgment that may be entered in the Litigation. I/We further acknowledge that I am/we are bound by, and subject to, the terms of any judgment that may be entered in the Litigation.

I/We have set forth, where requested above, all relevant information with respect to each purchase or acquisition of PurchasePro common stock during the Settlement Class Period, and each sale, if any, of such common stock. I/We have also enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, sale or retention of PurchasePro common stock listed above in support of my/our claim. [NOTE: IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR PORTFOLIO MANAGER. THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.] I/We agree to furnish additional information to Representative Plaintiffs' Counsel or their agent to support this claim if required to do so.

I/We have not submitted any other claim covering the same purchases or acquisitions or sales of PurchasePro common stock during the Settlement Class Period and know of no other Person having done so on my/our behalf.

## E. RELEASE

1. I/We hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge each and all of the Released Persons from any and all Released Claims.

a. "Related Parties" means each of the Defendants' past and present directors, managing directors, officers, employees, partners, principals, agents, distributors, customers, underwriters, issuers, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants, auditors, banks or investment bankers, advisors, personal or legal representatives, predecessors, successors, parent companies, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, associates, related or affiliated entities, any entity in which any Defendant has a controlling interest, any members of their immediate families, and any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family.

b. "Released Claims" means and includes any and all claims, debts, demands, actions, causes of action, allegations, rights, and liabilities, including but not limited to, claims for negligence, gross negligence, recklessness, breach of duty of care and/or breach of duty of loyalty, breach of fiduciary duty, indemnification, fraud, misrepresentation, mismanagement, breach of contract, damages, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability, violations of any state or federal statute, rules or regulations, including "Unknown Claims," that have been or could have been asserted against the Released Persons in the Litigation by or on behalf of the Representative Plaintiffs or any Settlement Class Member, whether fixed or contingent, accrued or unaccrued, liquidated or not liquidated, at law or in equity, matured or not matured, which are based upon, arising out of, or related to: (i) the purchase or other acquisition of PurchasePro common stock by any Settlement Class member during the Settlement Class Period; or (ii) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Litigation or in any other forum.



DETACH HERE

5

c. "Released Persons" means each and all of the Defendants, including PurchasePro, and their Related Parties.

d. "Unknown Claims" means any Released Claims which the Representative Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Representative Plaintiffs shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the *California Civil Code,* which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Representative Plaintiffs expressly shall have, and the Settlement Class Members, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Section 1542 of the *California Civil Code.* The Representative Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs expressly shall have, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge that the foregoing waiver was bargained for and a key element of the Settlement of which this release is a part.

2. When the Settlement becomes effective, the Representative Plaintiffs, on behalf of themselves and the Settlement Class, each of the Settlement Class Members (except a Settlement Class Member who has been properly excluded from the Settlement Class), anyone claiming through or on behalf of any of them, and Representative Plaintiffs' Counsel, will be forever barred and enjoined from commencing, instituting or prosecuting any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, directly, representatively, or derivatively, against any of the Released Parties raising or asserting in any manner, any of the Released Claims. Furthermore, pending final determination as to whether the Settlement contained in the Stipulation should be approved, the Representative Plaintiffs, Settlement Class Members (except a Settlement Class Member who has been properly excluded from the Settlement Class) and Representative Plaintiffs' Counsel are barred and enjoined from commencing, instituting, or prosecuting any action or other proceeding in any court, tribunal, or forum, asserting any of the Released Claims, either directly, representatively, derivatively or in any other capacity, against any of the Released Parties.

3. This Release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation of Settlement becomes effective as to all Defendants and all Released Parties on the Settlement Effective Date.



4.  I/We hereby warrant and represent that I/we have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this Release or any other part or portion thereof.

5.  I/We hereby warrant and represent that I/we have included information about all of my/our transactions in PurchasePro common stock which occurred during the Settlement Class Period, as well as the number of shares of PurchasePro common stock held by me/us at the close of trading on May 21, 2001.

6.  I/We certify that I am/we are **NOT** subject to backup withholding under the provisions of §3406(a)(1)(c) of the Internal Revenue Code.

> **Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the word "NOT" in the certification above.**

I /We declare under penalty of perjury, under the laws of the United States of America, that the foregoing information supplied by the undersigned is true and correct and that this Proof of Claim and Release was executed this _____ day of _____, 2006, at _____, _____.

           *(City)*       *(State/ Country)*

_____ _____
*(Signature of Claimant)*

_____
*(Type or print your name here)*

_____
*(Signature of Joint Claimant, if any)*

_____
*(Type or print your name here)*

_____
*(Signature of Person signing on behalf of Claimant)*

_____
*(Print your name here)*

_____
*(Capacity of Person signing on behalf of Claimant, e.g., Beneficial Purchaser, Executor, Custodian, Administrator)*

DETACH HERE



7

Berdon Claims Administration LLC — Title: PurchasePro Proof of Claim — PPL #56563 — 6-28-06 — Proof #1

**ACCURATE CLAIMS PROCESSING TAKES
A SIGNIFICANT AMOUNT OF TIME.**

**THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1. Please sign the above Release and declaration.

2. Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the website below.

3. Do not send originals of common stock certificates.

4. Keep a copy of the completed claim form and documentation for your records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**

6. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us written notification of your new address.

7. If you have any questions or concerns regarding this claim form contact the Claims Administrator at:

PurchasePro Securities Litigation.
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
Telephone: (800) 766-3330
Fax: (516) 931-0810
Website: www.berdonllp.com/claims

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A-3**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re PURCHASEPRO.COM, INC. SECURITIES LITIGATION | ) Master File No.: CV-S-01-0483-JLQ |
| ———————————————— | ) |
| | ) **CLASS ACTION** |
| | ) |
| THIS DOCUMENT RELATES TO: | ) |
| ALL ACTIONS. | ) **SUMMARY NOTICE FOR PUBLICATION** |
| | ) |
| ———————————————— | ) The Honorable Justin L. Quackenbush |

**TO ALL PERSONS WHO PURCHASED OR ACQUIRED THE COMMON STOCK OF PURCHASEPRO.COM, INC. ("PURCHASEPRO" OR THE "COMPANY") DURING THE PERIOD FROM MARCH 23, 2000, THROUGH MAY 21, 2001, INCLUSIVE:**

YOU ARE HEREBY NOTIFIED that the Representative Plaintiffs, as defined in the Stipulation of Settlement (the "Stipulation") dated May 15, 2006, in the above-captioned federal court action (the "Litigation") for themselves and on behalf of the Settlement Class Members, have entered into the Stipulation with Defendants to resolve the Litigation.  (All terms herein are as defined in the Notice of Pendency and the Stipulation of Settlement on file with the Court).

PLEASE BE FURTHER ADVISED that, pursuant to an order of the United States District Court for the District of Nevada (the "Court"), dated July 18, 2006, a hearing will be held on October 10, 2006 at 9:30 a.m. (the "Settlement Hearing") before the Honorable Justin L. Quackenbush, in the United States District Court, District of Nevada, located at 333 S. Las Vegas Blvd., Las Vegas, Nevada 89101,

Summary Notice for Publication
Case No. CV-S-01-0483-JLQ

1   for the purpose of determining: (1) whether the proposed settlement of the
2   Litigation for $24,200,000 in cash should be approved by the Court as fair,
3   reasonable and adequate; (2) whether the Litigation should be dismissed on the
4   merits and with prejudice pursuant to the terms of the Stipulation; (3) whether the
5   proposed Plan of Allocation should be approved as fair and reasonable; (4) whether
6   Representative Plaintiffs' Counsel's application for fees and expenses, including
7   any award of reasonable costs and expenses (including lost wages, directly relating
8   to the representation of the Settlement Class to any Representative Plaintiff serving
9   on behalf of the Settlement Class) and interest thereon should be approved; and (5)
10  whether the releases provided for in the Stipulation should be approved as fair,
11  reasonable and adequate to the Members of the Settlement Class.  If you purchased
12  or acquired PurchasePro common stock during the period from March 23, 2000,
13  through May 21, 2001, inclusive, your rights may be affected by the settlement of
14  this Litigation.
15      If you are a Settlement Class Member, in order to share in the distribution of
16  the Settlement Fund, you must submit a Proof of Claim and Release, which must be
17  received by the Claims Administrator at the address listed below postmarked no
18  later than November 17, **2006**, establishing that you are entitled to recovery.  To
19  receive a Notice of Pendency and Proposed Settlement of Class Action and
20  Settlement Hearing ("Notice") and Proof of Claim and Release or for further
21  information, please write to the Claims Administrator:

22

23                     PurchasePro Securities Litigation
                    c/o Berdon Claims Administration LLC
                              P.O. Box 9014
24                        Jericho, NY 11753-8914
                           Fax: (516) 931-0810
25               Website: www.berdonllp.com/claims

26

27

28

Summary Notice for Publication
Case No. CV-S-01-0483-JLQ                                              2

1    If you purchased or acquired PurchasePro common stock during the

2    Settlement Class Period, you will be deemed to be a Member of the Settlement

3    Class unless you expressly request to be excluded from the Settlement Class. You

4    must submit a valid request for exclusion postmarked **NO LATER THAN**

5    **September 19, 2006**. Instructions on how to request exclusion from the Settlement

6    Class are set forth in the detailed Notice. You will be bound by, and subject to, any

7    judgment rendered in the Litigation unless you request to be excluded in the

8    manner set forth in the Notice. If you submit a valid and timely request for

9    exclusion, you will not be entitled to share in the proceeds of the Settlement and

10   you will not be bound by the Settlement or the Judgment.

11   Counsel for the Representative Plaintiffs and the Settlement Class are:

12   Kevin J. Yourman
     Vahn Alexander
13   YOURMAN ALEXANDER
     & PAREKH LLP
14   3601 Aviation Blvd., Suite 3000
     Manhattan Beach, CA 90266
15   Tel: (310) 725-6400

16   Nadeem Faruqi
     Antonio Vozzolo
17   FARUQI & FARUQI, LLP
     320 East 39th Street
18   New York, NY 10016
     Tel: (212) 983-9330
19

20   **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE.**

21   Dated: July 18, 2006

22   BY ORDER OF THE HON. JUSTIN L. QUACKENBUSH
     SENIOR UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28
     Summary Notice for Publication
     Case No. CV-S-01-0483-JLQ

                                                                              3