UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

In Re: PURCHASE PRO, INC., ) 
LITIGATION ) No. CV-01-483-JLQ
) 
) MEMORANDUM RE: MOTION FOR
) ENTRY OF FINAL JUDGMENT BY
) LIQUIDATING TRUST
_____ )

On December 5, 2006, a hearing was held in Las Vegas, Nevada on the Motion For Entry of Final Judgment, etc.. Joseph Kistler, Esq. of the law firm of Gordon & Silver, LTD. appeared on behalf of the Liquidating Trust. Counsel for other interested parties also appeared.

At the December 5, 2006 hearing, the court inquired of Mr. Kistler as to the scope of the distribution of the Notice of Hearing the instant Motion. The court also inquired as to the scope of distribution of the Notice of Hearing of a similar Motion before the Bankruptcy Court apparently set for October 4, 2006 and as to the extent of the hearing in the Bankruptcy Court on October 4, 2006 and during the similar proceedings in state court. On December 5, 2006, Mr. Kistler advised this court on several occasions that all creditors of PurchasePro were given notice of the Bankruptcy Court hearing on the Motion To Approve Settlement. *Inter alia,* Mr. Kistler stated that " . . my understanding of the settlement agreement in the Bankruptcy Court, yes, that all creditors were noticed of the Motion To Approve Settlement Agreement, in the Bankruptcy Court." In fairness to Mr. Kistler, he did inform this court at the end of the December 5, 2006, hearing that "he believed that was done. I'll not make an affirmative statement."

Following Mr. Kistler's statements to the court of his belief that all creditors and

ORDER - 1

committees had been given Notice of the settlement hearing in Bankruptcy Court, this court advised Mr. Kistler that if all creditors had been given such Notice in the Bankruptcy Court proceeding and no objections were raised in that court, such circumstances would "weigh heavily" in favor of this court approving the settlement. The court then asked Mr. Kistler to do the "limited research" necessary to establish that Notice to all creditors was given of the Bankruptcy Court hearing on the Settlement Motion and to file a "short affidavit" to that effect. The court then advised the parties that it would withhold its decision on the Motion To Approve pending receipt of Mr. Kistler's Affidavit.

To date, the court has not received the requested Affidavit from Mr. Kistler. The court has received a lengthy packet of materials and an Affidavit from Gregory Garman, Esq., of Mr. Kistler's law firm, concerning Bankruptcy Court proceedings. None of those voluminous documents submitted by Mr. Garman fulfill the court's request for a short affidavit as to the Notice of Hearing given of the October 4, 2006 Settlement Hearing in the Bankruptcy Court.

This court does not intend or desire to delay ruling on the pending Motion, however, it has been awaiting receipt of the "short affidavit" requested from Mr. Kistler at the December 5, 2006 hearing. The purpose of this Memorandum is merely to refresh everyone's memory (including the court's) and to explain the reason for the extant delay in ruling on the pending Motion.

The Clerk of this court shall file this Memorandum and forward copies to counsel.

**DATED** this 25th day of January 2007.

s/ Justin L. Quackenbush

JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2